UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE TAYLOR,

    Plaintiff,

v.

ERIC ARNOLD, et al.,

    Defendants.

No. 2:17-cv-2014 KJM CKD P

ORDER

Plaintiff, a California prisoner proceeding pro se and in form pauperis, seeks relief pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's May 21, 2018 amended complaint is before the court for screening.

The court has conducted the required screening and finds that plaintiff may proceed on a claim for denial of medical care against defendant Dr. K. Win with respect to his denying plaintiff pain medication. In all other respects, plaintiff's May 21, 2018 amended complaint fails to state actionable claims.

1

At this point, plaintiff has two options: 1) he may proceed on the Eighth Amendment claim described above; or 2) attempt to cure the deficiencies with respect to some or all of his other claims in a second amended complaint. If plaintiff elects to amend, plaintiff is informed that the second amended complaint cannot exceed 20 pages and cannot refer to a prior pleading in order to make the second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As to the contents of his second amended complaint, plaintiff is informed:

1. As for any claim arising under California law, plaintiff must plead compliance with the California Tort Claims Act. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).

2. Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual causes injury by being at least deliberately indifferent to a prisoner's serious medical needs. Id.

3. Deliberate indifference must be the actual and proximate cause of the injury sustained. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In accordance with the above, IT IS HEREBY ORDERED that within twenty-one days plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on his Eighth Amendment claim based upon denial of pain medication against defendant Dr. Win, or whether he wishes to file a second amended complaint in an attempt to cure the

/////
/////
/////
/////

deficiencies in his amended complaint. Failure to complete and return the attached form will result in a recommendation that this action be dismissed.

Dated: October 11, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tayl2014.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ARNOLD, et al.,<br><br>Defendants. | No. 2:17-cv-2014 KJM CKD P<br><br>PLAINTIFF'S NOTICE OF <u>HOW TO PROCEED</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim arising under the Eighth Amendment against defendant Dr. Win for denial of pain medication.

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

_____
Plaintiff