UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ARNOLD, et al.,<br><br>Defendants. | No. 2:17-cv-2014 KJM CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On February 1, 2019, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff may proceed on a claim arising under the Eighth Amendment for denial of medical care against defendant Dr. K Win with respect to Dr. Win denying plaintiff pain medication.[1] Defendant Win has filed a motion to dismiss.

The allegations appearing in plaintiff's amended complaint which are relevant to plaintiff's remaining claim are as follows:

1. In June 2016, while plaintiff was a California Department of Corrections and Rehabilitation (CDCR) inmate at California State Prison, Solano, plaintiff began having extreme

---

[1] All other claims and defendants were dismissed on April 23, 2019 by the district court judge assigned to this case. ECF No. 36.

1

1 pain in both hands, forearms and elbows.  Plaintiff was prescribed pain medication at some point during 2016.

2. Later that year, defendant stopped all of plaintiff's pain medication leaving plaintiff to "suffer excruciating pain and mental anguish."  Pain medication was not re-prescribed until after plaintiff suffered a work-related injury on January 19, 2017.

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Review is generally limited to the complaint.  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  Of course, the court "draw[s] on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

An exception to the rule that review is generally limited to the contents of the complaint is that the court can consider judicially noticed facts pursuant to Rule 201 of the Federal Rules of Evidence.  A fact which can be judicially noticed is a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Defendant Win's first argument is that plaintiff has already litigated a claim based upon the facts identified above in the Superior Court of Solano County and that precludes plaintiff from proceeding on the claim which remains here. Defendant attached to his motion a copy of a California "Petition for Writ of Habeas Corpus," filed by plaintiff in the Superior Court of Solano County and the court's decision as to the petition.  Plaintiff does not dispute the authenticity of either document.  Because the accuracy of neither document can be reasonably questioned, the court judicially notices the following facts apparent from those documents:

1. Plaintiff presented the same facts underlying the remaining Eighth Amendment claim in this action in a "Petition for Writ of Habeas Corpus" filed in the Superior Court of Solano

/////

County on August 14, 2017.  Plaintiff identified the "respondent" in that action as Warden Eric Arnold.

2. On October 13, 2017, in a reasoned decision, the Superior Court of Solano County found that the facts alleged did not "state a prima facie case for habeas court relief" under the Eighth Amendment.  The entire petition for writ of habeas corpus was denied.

The doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." U. S. v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted).  Pursuant to 28 U.S.C. § 1738, a U.S. district court must give a state court judgment the same preclusive effect as a court of that state would.

Under California law, the reasoned denials of California habeas petitions can have claim preclusive effect on subsequent civil litigation.  Gonzales v. California Dep't. of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014).  Claims will be precluded if the second civil action involves: 1) the same cause of action; 2) between the same parties or parties in privity with them; 3) after a final judgment on the merits in the first suit.  Furnace v. Giurbino, 838 F.3d 1019, 1023 (9th Cir. 2016).

As indicated above, the cause of action which remains in this action is the same as a cause of action brought in plaintiff's California habeas petition.  The theory of relief, under the Eighth Amendment, is the same as are the facts asserted by plaintiff in support of his claim.  While plaintiff seeks monetary relief in this action which he could not do in his California habeas action, this is immaterial under California law for determining whether res judicata applies.  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).

The court assumes that the form of action pursued by plaintiff in California, a petition for writ of habeas corpus, caused him to the identify the warden at his place of incarceration as the adverse party rather than defendant Win, whom he accused of violating his Eighth Amendment rights just as he does here.   In any case, the Supreme Court has held "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of a [government] is res judicata in relitigation of the same issue between that party and another

officer of the government." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 917 (1940). More generally, the Ninth Circuit has held that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).

Here, the court finds defendant Win in this action is in privity with Warden Arnold for purposes of this action and the habeas action. Not only are they officers of the same government, "[both] actions involve the same injury to Plaintiff and the same wrong by [a] prison official[], even though the form of the [state court action] led Plaintiff to identify as the adverse party his custodian rather than the individual wrongdoer[]." Jackson v. Dir. of Corr. of Cal., No. CV-12-5743 PSG (SH), 2013 WL 3923426, at *8 (C.D. Cal. July 29, 2013). See Nelson v. Brown, No. 11-CV-2202 GPA (WVG), 2014 WL 1096189, *6-8 (S.D. Cal. March 19, 2014) (finding privity between warden named in habeas petition and CDCR employees named in subsequent federal action).

Finally, a reasoned denial of a California petition for writ of habeas corpus, such as the one issued with respect to plaintiff's petition, is a final judgement on the merits for purposes of res judicata. See Gonzales 739 F.3d at 1231 (reasoned denials of California habeas petitions have "claim preclusive effect"). See also Claiborne v. Zhang, No. 2:14-cv-1570 JAM DAD P, 2015 WL 1787781, *3 (E.D. Cal. April 20, 2015) (reasoned denial of habeas petition by Superior Court of Solano County amounted to final judgment on the merits).

In accordance with the above, the court will recommend that defendant's motion to dismiss be granted and this case be closed. In light of the court's recommendation, the court need not address the other arguments put forward by defendant in his motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that defendant's request that the court take judicial notice (ECF No. 39-2) is granted as indicated above.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 39) be granted; and

2. This case be closed.

4

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr0024.dis